UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTIAN CARABALLO,**<br><br>Plaintiff,<br><br>v.<br><br>**JON HERSHKOWITZ,**<br><br>Defendant. | Civ. No. 2:14-cv-01094 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a *pro se* 42 U.S.C. § 1983 action. Plaintiff Christian Caraballo, a pretrial detainee, alleges that Dr. Jon Hershkowitz ("Defendant") violated his Fourteenth Amendment right to adequate medical care by acting with deliberate indifference to Plaintiff's serious medical needs. This matter comes before the Court on Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff did not oppose Defendant's motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED with prejudice**.

I.  BACKGROUND

The following facts are drawn from Plaintiff's Complaint and Defendant's Statement of Undisputed Material Facts and supporting exhibits.[1] The facts are undisputed unless otherwise noted.

---

[1] Plaintiff did not file a responsive statement of material facts, as required by Local Rule 56.1(a). *See Glazewski v. Corzine*, 2009 WL 5220168, at *1 (D.N.J. Dec. 31, 2009) (finding that a party's *pro se* status does not absolve him of the requirement to file a response to an adversary's statement of material facts under Local Rule 56.1(a)). "However, the Court is mindful of the fact that Plaintiff is a *pro se* litigant, and district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant." *Shuman v. Sabol*, No. CIV.A. 09-2490, 2011 WL 4343780, at *6 (D.N.J. Sept. 14, 2011); *see also Jordan v. Allgroup Wheaton,* 218 F. Supp. 2d 643, 646 (D.N.J. 2002) *aff'd,* 95 F. App'x 462 (3d Cir. 2004) (*pro se* plaintiff's failure to submit a Rule 56.1 statement leads court instead to draw relevant facts from Plaintiff's complaint and Defendant's Statement of Undisputed Material Facts and supporting exhibits).

On November 1, 2013, while incarcerated as a pretrial detainee at Passaic County Jail, Plaintiff was assaulted by five other inmates. ECF doc. 1 (Compl.) at 2. According to Plaintiff, as a result of this assault, his top lip and right ear were bleeding, and he couldn't hear anything from his right ear. *Id*. at 6. Immediately following the assault, Plaintiff was examined by a nurse practitioner, who noted that his right ear was bleeding, he had swelling of his right cheek, cuts to his upper lip that were "bleeding slightly," and a "small superficial scratch" oh his right side. ECF doc. 16, Ex. A, (Def.'s Affidavit) ¶ 3; Ex. B (Plaintiff's Medical Records), pp. 6, 8. The nurse practitioner characterized Plaintiff's injuries as "minor" and provided him with an ice pack for his face, Motrin for pain, and a saline gargle to sanitize any injury to the inside of his mouth. *Id*. According to Plaintiff, the nurse "never stitched [his] lip" even though it was still bleeding. Compl., 6.

The next day, Plaintiff returned to the medical department complaining of difficulty hearing with his right ear. ECF doc. 16, Ex. A, ¶ 4; Ex. B, pp. 6, 8. The medical records indicated that the right side of Plaintiffs' face and right eye were still swollen and bruised, but there was no drainage from his ear. *Id*. Two days later, Plaintiff was again seen in the medical department complaining of right ear pain. *Id*. Ex. A, ¶ 5; Ex. B, p. 7. The nurse practitioner noted that Plaintiff had some bruising and tenderness around his eye, and a "small amount" of external bruising to his right ear, but that he was no longer bleeding. *Id*. The nurse also found that Plaintiff had impacted ear wax in his ear and instructed him as to the proper cleaning of his ear. *Id*. The following day, Plaintiff received x-rays of the bones around his eyes, which were negative for any fracture. *Id.*, Ex. A, ¶ 6; Ex. B, pp. 7, 9-10.

Plaintiff did not seek further medical care following the altercation, but was seen by a psychiatrist on December 10, 2013 as part of his regular psychiatric treatment. *Id*., Ex. A, ¶ 7, Ex. B, pp. 11-14. On December 16, 2013, Plaintiff filed an inmate grievance report alleging that his medical care following the November 2013 altercation had been inadequate. *Id*., Exhibit A, ¶ 8; Exhibit B, p. 16. The next day, Plaintiff was examined by Defendant. Plaintiff complained of disfiguration and "twitching" of his lip, difficulty hearing, headaches and dizziness stemming from the November 2013 altercation. Upon examination, Defendant noted that Plaintiff had no tenderness on his orbital bone, his vision was normal, and his lips were normal. *Id*., Ex. A, ¶ 9; Ex. B, pp. 17-18. Defendant examined Plaintiff's ears and noted that he had compacted earwax and prescribed eardrops. *Id*. Defendant also prescribed Tylenol to address Plaintiff's complaints of headaches or other pain. *Id*., Ex. A, ¶ 9; Ex. B, pp. 17-18. According to Plaintiff, he was supposed to have a follow-up appointment with Defendant but never did. Compl., .pdf 10-11.

In January 2014, Plaintiff was seen pursuant to his regular psychiatric treatment. Plaintiff stated that he was feeling good and not depressed. There is no indication that he expressed any complaint or concern about his lip or any mental health issues. *Id*., Ex. A, ¶ 10; Ex. B, p. 19-21. In February 2014, Plaintiff was again seen as part of his regular psychiatric treatment. He again indicated that he was doing well and had no mental health

concerns. However, the examining psychiatrist noted that he would refer Plaintiff to medical staff for an alleged twitch in his lip. There is no indication in the record that Plaintiff was so referred. *Id*., Ex. A, ¶ 11; Ex. B, p. 22. In April 2014, Plaintiff was seen by a psychiatrist and did not complain of a twitching lip or any mental health issues. *Id*., Ex. A, ¶ 12, Ex. B, pp. 26-27.

In July 2014, Plaintiff filed the instant *pro se* § 1983 complaint, alleging that Defendant violated his Fourteenth Amendment rights by failing to properly treat his serious injuries from the November 2013 altercation and preventing him from receiving adequate mental health care. ECF doc. 1. Defendant moves for summary judgment on the ground that he was not deliberately indifferent to Plaintiff's medical needs. ECF doc. 16.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp*., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.    DISCUSSION

To demonstrate a violation of his Fourteenth Amendment right to adequate medical care, a pretrial detainee must show: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Correction Facility*, 318 F.3d 575, 581-582 (3d Cir. 2003) (internal citations omitted). Deliberate indifference is "an exceedingly high standard." *Baez v. Falor*, 566 F. App'x 155, 158 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1156 (2015). "A prison official violates the Eighth Amendment only when a deprivation is 'sufficiently serious,' that is, where the official's act or omission 'result[s] in the denial of the minimal civilized measure of life's necessities.'" *Id*. (internal citations omitted). Deliberate indifference may be shown by "intentionally denying or delaying medical care." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). However, "mere allegations of malpractice" or "mere disagreement as to the proper medical treatment" do not constitute deliberate indifference claim. *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (internal citations omitted).

3

Plaintiff has failed to establish that Defendant acted with deliberate indifference to his serious medical needs. First, Plaintiff contends that his injuries arising from the November 2013 assault went untreated by Defendant and his medical staff. But the undisputed medical records belie this claim. Plaintiff received medical care immediately following the assault, and for several days thereafter. There is no record of him seeking further care, but once Plaintiff filed a grievance challenging the adequacy of his care, Defendant immediately treated him the next day. Accordingly, Plaintiff's failure to treat claim is meritless. *Nifas v. Coleman*, 528 F. App'x 132, 136 (3d Cir. 2013) ("Where the record reflects that an inmate receives "prompt medical treatment for minor injuries, which included scrapes and cuts," there is no "constitutional violation with respect to either deliberate indifference or a serious medical need.").

To the extent that Plaintiff alleges that Defendant's course of treatment was inadequate or improper in that the medical staff "never stitched [his] lip" and that Defendant failed to see Plaintiff at a follow-up appointment, such allegations do not constitute deliberate indifference. *See Monmouth*, 834 F.2d at 346; *see also James v. Pennsylvania Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) ("Although [Plaintiff] may have preferred a different course of treatment, his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the court."). Finally, there is no indication in the record that Defendant prevented Plaintiff from receiving adequate mental health care; to the contrary, the record shows that Plaintiff had monthly mental health appointments pursuant to his regular psychiatric course of treatment. Because Plaintiff has not "point[ed] to some evidence beyond [his] raw claim that [Defendant] w[as] deliberately indifferent," Defendant is entitled to judgment as a matter of law. *See Natale*, 318 F.3d at 581-582 (internal citations omitted).

### IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

        /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J**

**Date: April 6th, 2016**